IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | EP-11-CR-3021-KC |
| ISIDRO GARZA, JR., MARTHA CATALINA GONZALEZ GARZA, TIMOTEO GARZA. | § § § § § | |

**ORDER**

On this day, the Court considered Defendant Timoteo Garza's "Motion to Dismiss Counts One, Twelve and Thirteen of the Superseding Indictment" ("Motion"), ECF No. 890. For the reasons set forth below, the Motion is **DENIED**.

I.   BACKGROUND

The history of this case is protracted and tortuous, but the Court does not recount all the facts here because they are not relevant to the consideration of the instant Motion. For the unfamiliar reader, a more detailed recounting of the facts are available in the Court's July 12, 2011, Order in which the previous judge presiding over the case recused herself. *See generally* Order, July 12, 2011, ECF No. 865

On January 26, 2005, the Grand Jury sitting in Del Rio, Texas, returned a twenty-five count Superseding Indictment ("Indictment"), charging Timoteo Garza ("Defendant") and several co-defendants with various crimes related to their roles in the administration of the Kickapoo Traditional Tribe of Texas ("Tribe") and its gaming facility, Lucky Eagle Casino. The offenses charged include Conspiracy, Theft from Indian Tribal Organizations, and Theft by Officers and

Employees of Gaming Establishments on Indian Lands, among others. *See generally* Superseding Indictment, ECF No. 74.

On December 7, 2011, Defendant Timoteo Garza filed the instant Motion challenging the sufficiency of the Indictment. The government filed its Response on December 14, 2011. ECF No. 893.

## II. DISCUSSION

### A. Standard

The Fifth Amendment to the United States Constitution provides, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend V. Further, the Sixth Amendment states, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." *Id.* amend VI. According to Federal Rule of Criminal Procedure 7, "[t]he Indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Thus, Federal Rule of Criminal Procedure 7 "fulfills the Sixth Amendment right to be informed of the nature and cause of the accusation; it prevents a person from being subject to double jeopardy as required by the Fifth Amendment; and it serves the Fifth Amendment protection against prosecution for crimes based on evidence not presented to the grand jury." *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999) (citing *United States v. Silverman*, 430 F.2d 106, 110 (2d Cir. 1971)) (internal quotation marks omitted).

In reviewing an indictment for sufficiency, the test is not "whether the indictment could have been better drafted, but whether it conforms to minimal constitutional standards. *United*

*States v. Gonzales*, 436 F.3d 560, 569 (5th Cir. 2006) (citing *United States v. Haas*, 583 F.2d 216, 219 (5th Cir. 1978)). Rather, to be sufficient, the indictment must charge the essential elements of the offense, which would permit a defendant to prepare a defense and protect against double jeopardy. *United States v. Chappell*, 6 F.3d 1095, 1099 (5th Cir. 1993) (citing, e.g., *United States v. Barksdale-Contreras*, 972 F.2d 111(5th Cir. 1992)). In addressing the matter, the court takes a practical rather than technical approach. *Id.*

  **B.**  **Analysis**

In the Motion, Defendant challenges the sufficiency of the Indictment as to three of the charges against him: Count One, Conspiracy to Commit Offenses against the United States, in violation of 18 U.S.C. § 371; and Counts Twelve and Thirteen, Theft by Officers or Employees of Gaming Establishments on Indian Lands, in violation of 18 U.S.C. § 1168. Mot. 1-2; *see also* Supersed. Indictment 4-14. The Court addresses each of Defendant's concerns.

  **1.**  **Sufficiency of Indictment as to Count One**

Challenging Count One of the Indictment, Conspiracy, Defendant argues that the Indictment "fails to state that any of the [allegedly improper] expenditures were made without consent or that any of the expenditures were made on a prohibited purpose." Mot. 2. Without such facts, Defendant believes that he "could be convicted on a factual basis not found by, or even presented to the grand jury who indicted [him]." *Id.*

To establish a conspiracy under 18 U.S.C. § 371, the government must prove to the jury beyond a reasonable doubt that "the defendant joined at least one other person in an agreement to commit a federal crime and that one or more of the conspirators committed an overt act in furtherance of the agreement." *United States v. Cavin*, 39 F.3d 1299, 1305 (5th Cir. 1994) (citing

3

*United States v. Loney*, 959 F.2d 1332 (5th Cir. 1992); *United States v. Yamin*, 868 F.2d 130 (5th Cir. 1989)).  The Supreme Court of the United States long ago held:

> It is well settled that in an indictment for conspiring to commit an offense – in which the conspiracy is the gist of the crime – it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, . . . or to state such object with the detail which would be required in an indictment for the substantive offense.

*Wong Tai v. United States*, 273 U.S. 77, 81 (1927) (internal citation omitted).

The Fifth Circuit has elaborated that an indictment charging conspiracy need not "spell out the elements of the substantive offense the accused conspired to commit." *United States v. Bragg*, 980 F.2d 1443, at *3 (5th Cir. 1992) (quoting *United States v. Graves*, 669 F.2d 964, 968 (5th Cir. 1982)) (internal quotation omitted).  The indictment need only set forth the three elements of conspiracy:  1) an agreement; 2) to commit a crime against the United States; 3) with a co-conspirator committing at least one overt act in furtherance of the conspiracy.  *Id.* (citing *United States v. Contreras*, 950 F.2d 232, 238 (5th Cir. 1991)).

In the instant case, the Indictment sets forth facts describing the various alleged co-conspirators, and it names Tribe and related entities involved in the case.  Indictment 1-2.  The Indictment also sets forth the relationship among each of these defendants in the case to one another as well as each's relationship to the Tribe.  *Id.* at 3-4.  Alleging that these defendants entered into an agreement, the Indictment provides extensive facts describing the object of the conspiracy, along with the manner and means by which it was executed, and the overt acts committed in furtherance of the conspiracy.  *Id.* at 4-11.

Specifically, the Indictment explains that Defendant along with his co-conspirators "and others known and unknown to the Grand Jury did combine, conspire, confederate and agree

4

together and with each other to commit offenses against the United States." *Id*. at 4. The Indictment sets out the overall time period of the conspiracy which is alleged to have begun on February 13, 1998, and continued to about June 3, 2004. *Id.* The alleged illegal objects of the conspiracy are Theft from an Indian Tribal Organization in violation of Title 18, United States Code, § 1163; Theft by Officers or Employees of Gaming Establishments on Indian Lands in violation of Title 18, United States Code, § 1168; and Theft from a Program Recipient in violation of Title 18, United States Code, § 666. Indictment 4.

The Indictment then enumerates thirty-four distinct overt acts in detail providing the dates the acts were undertaken, the financial transactions comprising each act with specific amounts, the means by which each transaction was effectuated, and in some instances, the purpose of the transaction. *Id.* at 4-11. For example, the eighth overt act alleges that on approximately December 28, 2001, Defendant and Isidro Garza, Jr., "caused a Kickapoo Lucky Eagle Casino check in the amount of $8,875 to be used to pay for, among other items, signs for defendant Timoteo Garza's political campaign costing $8,150." *Id.* at 7-8. The twenty-seventh overt act alleges that from December 3, 2001, to March 14, 2002, Defendant along with Isidro Garza, Jr., and Arthur Lee Martin "caused approximately $81,000 in checks and cash disbursements from the Kickapoo Lucky Eagle Casino to be made to various musical artists for various entertainment expenses related to defendant Timoteo Garza's political rallies." *Id.* at 10. These descriptions of the overt acts undertaken in furtherance of the conspiracy are representative of the factual detail alleged for each of the overt acts set forth in Count One.

In considering the Indictment as a whole, the Court finds that the Indictment is sufficient as to Count One because it sets forth all of the essential elements of the conspiracy offense. *See*

*Bragg*, 980 F.2d 1443, at *3.  The Indictment alleges an agreement among the co-conspirators to commit a federal crime; it alleges the objects of the conspiracy; it alleges the manner and means of the conspiracy; it alleges numerous overt acts undertaken by the co-conspirators in furtherance of the conspiracy, and it does so in significant factual detail.  Alleging thirty-four overt acts in furtherance of the conspiracy, and three criminal offenses as objects of the conspiracy, the conspiracy charged may indeed be complex, and may have been committed in numerous ways.  But none of this renders the Indictment insufficient.  As explained above, it is not necessary for the Indictment to present with "technical precision" the elements of the offenses which are the object of the conspiracy.  *See Wong Tai*, 273 U.S. at 81; *Graves*, 669 F.2d at 968.  Rather, the Indictment in this case enables the preparation of a defense, and protects against subsequent prosecution for the same crime, because it is factually detailed, and is therefore sufficient.  *See Bragg*, 980 F.2d 1443, at *3; *Chappell*, 6 F.3d at 1099; *see also United States v. Caldwell*, 302 F.3d 399, 410-11 (5th Cir. 2002) (engaging in a "practical, not technical," review of a factually rich indictment and finding it sufficient under constitutional standards).

      Defendant cites *Van Liew v. United States*, 321 F.2d 664 (5th Cir. 1963), in support of his position that the Indictment is insufficient. Mot. 4.  In *Van Liew*, the defendant was indicted on charges including conspiracy to introduce into interstate commerce a food which was adulterated within the meaning of 21 U.S.C. § 342(b)(2) and (4).  *Van Liew*, 321 F.2d at 669-70.  The Fifth Circuit found the Indictment violated the Fifth Amendment's Indictment Clause because it failed to set out the manner by which the federal laws at issue had been violated.  *Id.* at 669.  The Court stated:

> [T]here is a minimum of eleven possible crimes.  Did the Grand Jury intend to charge all eleven?  Must the Defendants guess what ones were intended, thereby putting on the Defendants the burden of developing evidentiary detail as to all?
>  . . . . For the District Attorney is not the Grand Jury and he may not determine what it is that the Grand Jury has charged.  If the choice of one or more out of many unidentified crimes may be made by the prosecutor, then presentment by a Grand Jury will have become a useless, historic ritual."

*Id.* at 671-72.

The Court has reviewed *Van Liew* and finds it is inapposite to the instant case.  In *Van Liew*, the indictment was vague, with some of the allegations failing to address key elements of the offenses charged as the objects of the conspiracy.  *Id.* at 670-71.  Because of this vagueness, the Fifth Circuit found it impossible to reconcile the facts asserted with the statutory violations alleged.  *Id.* at 670.

That is not the situation here.  Despite Defendant's contentions otherwise, the Indictment is not vague; rather, it is detailed and organized with descriptions of the objects of the conspiracy, the manner and means of the conspiracy, and the overt acts made in furtherance of the conspiracy.  *See Caldwell*, 302 F.3d at 410-11; *Graves*, 669 F.2d at 968.  Unlike the defendant in *Van Liew*, Defendant is not "left in unfair confusion regarding what acts had constituted the claimed offense" because of a lack of clarity in the indictment.  *See United States v. Clark*, 546 F.2d 1130, 1134 (5th Cir. 1977) (distinguishing *Van Liew* on this ground); *see also Graves*, 669 F.2d at 968 (distinguishing *Van Liew* as "factually inapplicable" and finding "the sufficiency of the indictment must be measured with regard to a conspiracy to violate federal law rather than with regard for the substantive violations [the defendant] conspired to commit").

The Indictment provides sufficient factual detail to apprise Defendant of the charges against him, to allow him to prepare his defense, and protect him from subsequent prosecution for the same crime.  That the Indictment sets forth numerous ways for the government to prove

its case, including multiple objects and multiple overt acts, does not result in the Court or the government broadening or altering the Indictment beyond the intention of the Grand Jury.

### 2. Sufficiency of Indictment as to Counts Twelve and Thirteen

In Counts Twelve and Thirteen, Defendant is charged with Theft by Employees and Officers of Gaming Establishments on Indian Lands.  Indictment 12.

For Counts Four through Thirteen, the Indictment provides that Defendants:

> being either officers and employees of a gaming establishment operated by and for an Indian tribe pursuant to an ordinance or resolution by the National Indian Gaming Commission, to wit: the Kickapoo Lucky Eagle Casino, or aiders and abettors of such officers and employees, did embezzle, abstract, purloin, willfully misapply and take and carry away with intent to steal moneys, funds, assets and other property of the Kickapoo Lucky Eagle Casino.

Indictment 12-13.

The Indictment continues by setting out Counts Four through Thirteen by means of a table that includes, for each offense, the specific dates, the defendants involved, the amount of the theft, and the method of the theft. *Id.* at 13.  Defendant argues that these counts are insufficient as they merely track the statutory language, providing "no indication of how any of the conduct alleged violated 18 U.S.C. § 1168." Mot. 2.  He also argues that the Fifth Circuit's holding in *Van Liew* renders these counts insufficiently alleged.  Mot. 6, 8.

18 U.S.C. § 1168 provides:

> Whoever, being an officer, employee, or individual licensee of a gaming establishment operated by or for or licensed by an Indian tribe pursuant to an ordinance or resolution approved by the National Indian Gaming Commission, embezzles, abstracts, purloins, willfully misapplies, or takes and carries away with intent to steal, any moneys, funds, assets, or other property of such establishment of a value in excess of $1,000 shall be fined not more than $1,000,000 or imprisoned for not more than twenty years, or both.

18 U.S.C. § 1168.

To determine the elements of the offense, the Court would normally turn to the Fifth Circuit Model Jury Instructions, but they do not provide an instruction for this offense. The Court has been able to locate only one case discussing the elements of the offense from a district court in the Eastern District of California. *See United States v. Livingston*, No. CR-F-09-273 LJO, 2010 WL 3463887, at *9 (E.D. Cal. Sep. 1, 2010). In *Livingston*, the defendant argued that the government could not establish, as a matter of law, an essential element of the offense of theft under 18 U.S.C. 1168(b). *Id.* at *1. To determine if this was the case, it was necessary for the court to determine the actual elements of the offense. *See id.* at *9. The *Livingston* court relied on the parties' stipulated instructions and found that the government had to prove beyond a reasonable doubt each of the following elements: 1) that the defendant was an officer or employee of an Indian gaming establishment; 2) that the gaming establishment was operated by or for, or licensed by, an Indian tribe pursuant to an ordinance of resolution approved by the National Indian Gaming Commission; 3) that on or about the dates alleged in the Indictment, defendant willfully embezzled or misapplied, or took with the intent to steal, moneys, funds, assets or other property of the Indian gaming establishment; and 4) that the value of such moneys, funds, assets or other property was in excess of $1,000. *Id.*

This Court has considered the elements of the offense as set forth by the court in *Livingston* and has reviewed the text of the statute itself. The Court observes that the *Livingston* court's instruction closely tracks the language of the statute. Because of the similarity of the instruction to the text of the statute, the Court adopts that instruction to garner the elements of the offense for the purposes of the Motion.

Defendant is correct when he argues that the Indictment tracks the statutory language for these counts; however, the Indictment also provides the date of the alleged theft, the individual defendants involved in the theft, the amount of the theft, and the "method" of the theft. Indictment 13-14. The Indictment further sets out the elements of the offense tailored to the facts of this case: that Defendant was an officer or employee, or was a person aiding and abetting such an officer or employee, of an Indian gaming establishment; that the gaming establishment, the Kickapoo Lucky Eagle Casino was operated by and for, or licensed by, an Indian tribe pursuant to an ordinance of resolution approved by the National Indian Gaming Commission; and that on February 12, 2002, and February 24, 2002, Defendant willfully embezzled or misapplied, or took with the intent to steal, $10,000 by casino check, and $7,610 by casino cash, respectively, belonging to the Indian gaming establishment *Id.* at 13-14.

Despite Defendant's contentions otherwise, the Indictment is sufficient. This is so because these charges in the Indictment closely track the language of the statute, include all elements of the offense, and provide specific facts to inform Defendant of the actual offense with which he is charged. *See Hamling v. United States*, 418 U.S. 87, 117-18 (1974); *United States v. Franco*, 632 F.3d 880, 884-85 (5th Cir. 2011) (citing *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003)). The Indictment names the Indian gaming establishment involved in these offenses, it describes Defendant's relation ship to the gaming establishment, it alleges the dates of the theft along with the amounts and the means by which the money at issue was taken. Indictment 14. There is little else that can be alleged.

For the reasons explained with regard to Count One, *Van Liew* is also inapposite to Counts Twelve and Thirteen because these counts are not vague. Defendant is not "left in unfair confusion regarding what acts had constituted the claimed offense" because of a vague indictment. *See Clark*, 546 F.2d at 1134 (distinguishing *Van Liew*). Indeed, Defendant's alleged wrongdoing is quite clear on the face of this Indictment.

### III. CONCLUSION

For the reasons set forth above, the Motion, ECF No. 890, is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent applicable to Defendant Isidro Garza's defense, his Motion to Adopt Motions of Co-Defendant, ECF No. 917, is **DENIED** in part.

**SO ORDERED.**

**SIGNED** on this 23rd day of January, 2012.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE