**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **EP-11-CR-3021-KC** |
| | § | |
| **ISIDRO GARZA JR., MARTHA** | § | |
| **CATALINA GONZALEZ GARZA,** | § | |
| **AND TIMOTEO GARZA** | § | |

**ORDER**

On this day, the Court considered Defendant Isidro Garza's "Motion to Dismiss for Violation of Speedy Trial Rights" ("Motion"), ECF No. 895, and Defendant Timoteo Garza's "Motion to Dismiss for Violation of Speedy Trial Rights," ECF No. 896.  In his motion, Defendant Timoteo Garza adopted the arguments presented in Isidro Garza's Motion arguing that "the law and argument made in Isidro Garza's Motion to Dismiss is equally applicable to Timoteo."  Mot. to Dismiss for Violation of Speedy Trial Rights.  Upon due consideration, the Court finds that both Motions should be **DENIED**.

I.     **BACKGROUND**

The Kickapoo Traditional Tribe of Texas ("Tribe") hired Isidro Garza ("Isidro") to manage the Tribe's casino.  *See United States v. Garza*, 593 F.3d 385, 387 (5th Cir. 2010).  The Tribe placed Isidro's wife, Martha Garza ("Martha") and her son, Timoteo Garza ("Timoteo") on the payroll.  *Id.*  In the Superseding Indictment, the government alleges that Isidro improperly used hundreds of thousands of dollars of the Tribe's money for personal expenditures.  *See id.* at 386-87; Superseding Indictment, ECF No. 74.

On December 6, 2004, the government arrested Isidro and, on December 9, 2004, filed an indictment against him.  Indictment, ECF No. 8.  On the same day, the government indicted

Martha and Timoteo. *Id.* The government charged Isidro, Timoteo (collectively "Defendants"), and Martha with various offenses relating to the misappropriation of tribal funds and tax evasion. *Garza*, 593 F.3d at 387-88.

The judicial proceedings began before the Honorable Alia Moses in the Del Rio Division of the Western District of Texas.[1] *See* Order ("Recusal Order") 1, 21, July 12, 2011, ECF No. 865. In August of 2005, Defendants filed a "Motion to Transfer, or Alternatively, to Disqualify." *Garza*, 593 F.3d at 387; Recusal Order 7. Defendants argued that Judge Moses had political ties to a potential defense witness. *Garza*, 593 F.3d at 387. After considering the issues, Judge Moses ultimately denied the motion to disqualify. *See Garza*, 593 F.3d at 387; Recusal Order 7-9.

Almost a year later, on April 26, 2006, Defendants renewed their argument that Judge Moses should disqualify herself. *See Garza*, 593 F.3d at 387; Recusal Order 13. Two weeks later, Judge Moses sua sponte transferred the case to the Honorable Walter S. Smith, Jr. in the Waco Division of the Western District of Texas. *Garza*, 593 F.3d at 387; Recusal Order 16. Defendants then filed a motion to transfer their case either back to Del Rio or to San Antonio. *Garza*, 593 F.3d at 387. Judge Smith denied the motion, and several attorneys for Defendants withdrew because of the long distance between Del Rio and Waco. *See id.* at 388. Judge Smith then ordered a several month continuance to "allow the new attorneys the chance to prepare." *Id.*

On October 24, 2006, Defendants pleaded guilty. Arraignment / Rearraignment for Isidro, Oct. 24, 2006, ECF No. 463; Arraignment / Rearraignment for Timoteo, Oct. 24, 2006,

---

[1]       For clarity, this Order refers to the Judges by name, and only capitalizes Court when referring to this court in the El Paso Division.

ECF No. 466; *see also* Government's Consolidated Resp. ("Response") 4, ECF No. 902.  After several continuances, sentencing was set for May, 17, 2007.  *See* Minutes Entry, Oct. 25, 2006, ECF No. 526; Resp. 4.  But on the day of sentencing, Defendants withdrew their pleas.  *See* Minutes Entry, May 17, 2007, ECF No. 513; Minutes Entry, May 25, 2007, ECF No. 526; Resp. 4-5.  Several attorneys then withdrew from the case, and the trial date was pushed back again. *See* Order, May 31, 2007, ECF No. 531; Resp. 4-5.

On October 1, 2007, the trial finally began.  Jury Trial, Oct. 1, 2007, ECF No. 572.  After a nine-day trial, the jury found Isidro and Timoteo guilty of multiple counts of Conspiracy to commit the offenses of Theft from an Indian Tribal Organization in violation of 18 U.S.C. § 371, and Theft by Officers or Employees of Gaming Establishments on Indian Lands in violation of 18 U.S.C. § 1168.  *Garza*, 593 F.3d at 388.  The jury also found Martha and Isidro guilty of various acts of tax evasion in violation of 26 U.S.C. § 7201.  *Id.*  Finally, the jury found Martha, Isidro, and Timoteo guilty of Conspiracy to Evade the Payment of Taxes in violation of 18 U.S.C. § 371.  *Id.*

Defendants then timely appealed.  *Garza*, 593 F.3d at 388.  On January 26, 2010, the Fifth Circuit vacated the convictions and remanded the case for a new trial because the district court's sua sponte transfer of venue violated Rule 18 of the Federal Rules of Criminal Procedure. *Id.* at 391.  The Fifth Circuit issued its mandate on February 23, 2010, and remanded the case to Judge Smith in Waco.  *See id.*; Recusal Order 16; J. 1, ECF No. 787.  On March 4, 2010, Judge Smith sua sponte transferred the case back to Judge Moses in Del Rio.  Order, ECF No. 789.

With the case now back in Judge Moses's court, the issue of recusal was again at the forefront.  On May 11, 2010, the government requested Judge Moses consider the previously

filed motion for recusal.  Recusal Order 17.  By October 1, 2010, Judge Moses had not ruled on the motion for recusal, and Isidro filed a motion urging Judge Moses to rule on it.  *See* Def.'s Mot. to Reurge all Previous Mots. and to Extend Ellis Deadline 1 ("First Reurging & Extension Request"), ECF No. 844.[2]  In the same motion, Isidro requested an extension of the plea deadline.  *Id.*  On October 8, 2010, Judge Moses issued an amended scheduling order extending the plea deadline and the trial date.  Am. Scheduling Order ("October Order"), Oct. 10, 2010, ECF No. 845.  In her October Order, Judge Moses stated that the delay was necessary to allow counsel time to prepare for trial, and found "that the interest of justice served by taking this action outweighs the best interest of the public and the defendant in a speedy trial."  *Id.* at 1.

Almost two months later, on November 29, 2010, Isidro again filed a motion reurging the recusal motion, and requesting an extension of the plea deadline.  Def.'s Second Mot. to Reurge all Previous Mots. and to Extend Ellis Deadline 1 ("Second Reurging & Extension Request), ECF No. 846.  Just three days later, on December 2, 2010, Isidro filed another motion requesting a ruling on the recusal motion.  Def.'s Mot. Requesting Ruling on Recusal Mot., ECF No. 847. On December 6, 2010, Judge Moses issued an amended scheduling order, extending the plea deadline and the trial date.  Am. Scheduling Order ("December Order"), Dec. 6, 2010, ECF No. 849.  In her December Order, Judge Moses stated that the delay was necessary to allow counsel time to prepare for trial, and once again found "that the interest of justice served by taking this action outweighs the best interest of the public and the defendant in a speedy trial."  *Id.* at 1.

---

[2]     To assist the reader in finding citations, the Court references the page numbers that the CM/ECF docketing system has generated whenever the document lacks internal page numbers.

On January 19, 2011, Isidro again filed a motion reurging the recusal motion, and requesting an extension of the plea deadline.  Def.'s Third Mot. to Reurge all Previous Mots. and to Extend Ellis Deadline 1 ("Third Reurging & Extension Request), ECF No. 850.  On January 21, 2011, Judge Moses granted Isidro's motion, and again issued a new scheduling order with the same language regarding the interests of justice.  *See* Order Granting Mot. for Continuance, Jan. 21, 2011, ECF No. 851; Am. Scheduling Order ("January Order") 1, Jan. 21, 2011, ECF No. 852.

On July 12, 2011, Judge Moses sua sponte recused herself.  Recusal Order 20-21.  On July 13, 2011, the Clerk of the Western District of Texas randomly assigned the case to this Court in El Paso, Texas.

On August 26, 2011, this Court held a lengthy status conference.  *See generally* Status Conference Tr., ECF No. 901.  The parties detailed the complexity of the case — both substantively and procedurally.  *See id.* at 3:4-12:12.  Although the Court was reluctant to further extend the trial date, the Court ultimately decided an April trial date in San Antonio was in the interest of justice.  *See id.* at 3:4-12:12, 15:7-16; 17:4-8.

## II.    DISCUSSION

Defendants argue the Court should dismiss the Indictments against them based on the Speedy Trial Act of 1974 ("Speedy Trial Act" or "Act"), 18 U.S.C. § 3161 *et seq.*, the Sixth Amendment to the United States Constitution, and Federal Rule of Criminal Procedure 48(b).  *See* Mot. 4-9.  The government responds that neither Defendants' constitutional nor statutory rights have been violated.  Resp. 1-9.  The Court examines each of Defendants' arguments in turn.

### A.    Speedy Trial Act

Defendants contend that 415 days have elapsed under the Speedy Trial Act since the remand from the Fifth Circuit, and thus dismissal is warranted.  Mot. 3.  The government responds that only forty-eight days have elapsed under the Speedy Trial Act since the Fifth Circuit's mandate, and thus dismissal is not warranted.  Resp. 6.

Congress enacted the Speedy Trial Act to serve both the interests of the public and the defendant in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A) ("the best interest of the public and the defendant"); *Zedner v. United States*, 547 U.S. 489, 501 (2006) ("The Act seeks to protect and promote speedy trial interests that go beyond the rights of the defendant; although the Sixth Amendment recognizes a societal interest in prompt dispositions, it primarily safeguards the defendant's speedy trial right — which may or may not be in accord with society's.") (quoting S. Rep. No. 96-212, at 29 (1979)).  The public has an interest in swift justice because a timely trial has a potentially greater deterrent effect, and a timely trial reduces the defendant's opportunity to commit crimes while on pretrial release.  *See Zedner*, 547 U.S. at 501.  And the criminal defendant has an interest in a speedy trial to prevent oppressive pretrial incarceration, to minimize the defendant's anxiety and concern, and to limit the possibility that the defense will be impaired.  *Cf. Barker v. Wingo*, 407 U.S. 514, 532 (1972) (explaining the interests of a defendant in a speedy trial for Sixth Amendment purposes).

To accomplish these goals, the Speedy Trial Act generally requires a criminal defendant's trial to begin within seventy days of the defendant's indictment or initial appearance.  18 U.S.C. § 3161(c)(1).  If the defendant is to be tried again following an appeal, like in this case:

> the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other

6

> factors resulting from passage of time shall make trial within seventy days impractical.

18 U.S.C. § 3161(e).

Failure to meet the deadlines results in dismissal of the indictment.  18 U.S.C. § 3162(a)(2).

Despite its strict deadlines, the Speedy Trial Act "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases.  To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start."  *Zedner*, 547 U.S. at 497 (citing 18 U.S.C. § 3161(h)).

Three of those exclusions are relevant in this case.  First, 18 U.S.C. § 3161(h)(1) automatically excludes "[a]ny period of delay resulting from other proceedings concerning the defendant."  18 U.S.C. § 3161(h)(1); *Bloate v. United States*, --- U.S. ----, 130 S. Ct. 1345, 1349 & n.1 (2010).  Section 3161 provides examples of proceedings that concern the defendant: delays resulting from pretrial motions, delays resulting from a transfer of a case, and delays attributable "to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. § 3161(h)(1)(D)-(E), (H).

Second, the Speedy Trial Act excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial**.**"  18 U.S.C. § 3161(h)(7)(A).  The statute provides a non-exclusive list of factors courts consider, including the complexity of the case, the number of

the defendants, the time needed to prepare for trial, and whether a continuation is necessary to

avoid a "miscarriage of justice."  18 U.S.C. § 3161(h)(7)(B).[3]

      Third, § 3161(h)(6) excludes a "reasonable period of delay when the defendant is joined

for trial with a codefendant."  18 U.S.C. § 3161(h)(6).  Therefore, all "defendants who are joined

for trial generally fall within the speedy trial computation of the latest codefendant and that the

excludable delay of one codefendant may be attributed to all defendants."  *United States v.*

*Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994) (interpreting 18 U.S.C. § 3161(h)(7) which is now

---

[3]      Below is the full text of the factors listed in § 3161(h)(7)(B):
      The factors, among others, which a judge shall consider in
determining whether to grant a continuance under
subparagraph (A) of this paragraph in any case are as follows:

      (i) Whether the failure to grant such a continuance in the
proceeding would be likely to make a continuation of such
proceeding impossible, or result in a miscarriage of justice.

      (ii) Whether the case is so unusual or so complex, due to the
number of defendants, the nature of the prosecution, or the
existence of novel questions of fact or law, that it is
unreasonable to expect adequate preparation for pretrial
proceedings or for the trial itself within the time limits
established by this section.

      (iii) Whether, in a case in which arrest precedes indictment,
delay in the filing of the indictment is caused because the
arrest occurs at a time such that it is unreasonable to expect
return and filing of the indictment within the period specified
in section 3161(b), or because the facts upon which the grand
jury must base its determination are unusual or complex.

      (iv) Whether the failure to grant such a continuance in a case
which, taken as a whole, is not so unusual or so complex as to
fall within clause (ii), would deny the defendant reasonable
time to obtain counsel, would unreasonably deny the defendant
or the Government continuity of counsel, or would deny
counsel for the defendant or the attorney for the Government
the reasonable time necessary for effective preparation, taking
into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)

codified as § 3161(h)(6)); *see also United States v. Whitfield*, 590 F.3d 325, 357 (5th Cir. 2009) (applying the rule pronounced in *Bermea*).

In this case, the first day counted under the Speedy Trial Act clock was February 24, 2010, the day after the Fifth Circuit issued the mandate.  *See United States v. Kington*, 875 F.2d 1091, 1109 (5th Cir. 1989).  Defendants concede the following periods of time are excluded: April 30, 2010, through October 19, 2010; December 2, 2010, through December 4, 2010; January 19, 2011, through January 21, 2011; and June 21, 2011, through September 20, 2011. According to Defendants, that leaves 415 days, well in excess of the 70 days permitted under the Speedy Trial Act.  Mot. 11.

The government argues the following time periods are additionally excludable under the Speedy Trial Act: (1) March 4, 2010; (2) April 14, 2010, through April 30, 2010; (3) October 19, 2010, through December 2, 2010, (4) December 5, 2010, through January 19, 2011, (4) January 22, 2011, through June 21, 2011, and (5) September 20, 2011, through April 6, 2012.  *See* Resp. Addendum 1-5.

If the government is correct that all of these periods are excludable, then the Speedy Trial Act clock has been stopped since April 14, 2010, and only forty-eight days have elapsed.  In other words, these disputed time periods will dictate whether there has been a Speedy Trial Act violation.   Accordingly, the Court turns to the disputed periods of time, keeping in mind that Defendants have the "burden of proof [in] supporting such motion."  18 U.S.C § 3162(a)(2).

1.    **March 4, 2010**

The government argues that March 4, 2010 is excluded as a period of delay relating to transfer of the case.  Resp. Addendum 1.  The Court agrees.

The Speedy Trial Act excludes any "delay resulting from any proceeding relating to the transfer of a case."  18 U.S.C. § 3161(h)(1)(E).  Here, Judge Smith transferred this case from his court in Waco, Texas to Judge Moses in Del Rio, Texas on March 4, 2010.  Order, Mar. 4, 2010, ECF No. 789.  This is specifically, and automatically, excluded by 18 U.S.C. § 3161(h)(1)(E).  Accordingly, the Court holds that March 4, 2010, is excluded from the calculations.

### 2.    April 14, 2010, through April 30, 2010

The government argues that period from April 14, 2010, through April 30, 2010, is excluded under 18 U.S.C. § 3161(h)(1)(H).  Resp. Addendum 1.  The Court agrees.

Subsection D of the Speedy Trial Act excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  18 U.S.C. § 3161(h)(1)(D).   In addition, subsection H excludes a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. § 3161(h)(1)(H).

The Supreme Court and the Fifth Circuit have explained the interplay between these two provisions.  If a motion requires a hearing, subsection D excludes the time between the filing of the motion and the hearing on the motion, and then the thirty days after the court takes the motion under advisement.  *Henderson v. United States*, 476 U.S. 321, 329 (1986) (referring to subsections F and J, which are now codified as subsection D and H respectively); *United States*

*v. Johnson*, 29 F.3d 940, 942-43 (5th Cir. 1994); *U.S. v. Beals*, 755 F. Supp. 2d 757, 759-60 (S.D. Miss. 2010).  If the motion does not require a hearing, subsection H excludes the time between the filing of the motion and the time "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  *See* 18 U.S.C. § 3161(h)(1)(H); *Henderson*, 476 U.S. at 329; *Johnson*, 29 F.3d at 942-43.  Under both provisions, the court takes a motion under advisement "on the day the last paper concerning the motion at issue was filed with the court."  *See United States v. Stephens*, 489 F.3d 647, 656 (5th Cir. 2007) (quoting *Johnson*, 29 F.3d at 944).

On, April 14, 2010, the government filed a Motion for enlargement of time under the Speedy Trial Act.  Government's Mot. for Enlargement of Time Under Speedy Trial Act, ECF No. 795.  The Court did not hold a hearing, and Defendants did not respond to the government's motion.  Therefore, subsection D applies, and automatically excludes the thirty days after the government filed its motion.  *See Johnson*, 29 F.3d at 942-44; *Beals*, 755 F. Supp. 2d at 759-60.  The thirty days are excluded even though Judge Moses never ruled on the motion.  *See United States v. Franklin*, 148 F.3d 451, 455-56 (5th Cir. 1998) (considering the motion to be "under advisement" even though "there is no evidence in the record that they occupied the court's attention"); *see also United States v. Harris*, 566 F.3d 422, 429 (5th Cir. 2009) ("The clock begins to tick again at the end of that thirty-day period, regardless of whether the court has ruled on the motion.") (quoting *Stephens*, 489 F.3d at 656).  Therefore, the Court holds that the period from filing of the motion on April 14, 2010, through April 30, 2010, is excluded under 18 U.S.C. § 3161(h)(1)(H) because it less than the thirty days provided for in that section.

    **3.**    **October 19, 2010, through December 2, 2010; December 5, 2010, through January 19, 2011; and January 22, 2011, through June 21, 2011**

The government argues that the periods from October 19, 2010, through December 2, 2010; December 5, 2010, through January 19, 2011; and January 22, 2011, through June 21, 2011; are all excludable under 18 U.S.C. § 3161(h)(7). Resp. Addendum 2-4. The Court agrees.

Title 18 U.S.C. § 3161(h)(7) excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7). To exercise this "ends of justice continuance," the court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id.* To make that finding, courts consider, among other factors, the complexity of the case, the number of the defendants, the time needed to prepare for trial, and whether a continuation is necessary to avoid a "miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B).

In late 2010 and early 2011, Defendant Isidro Garza motioned the court three times. *See* First Reurging & Extension 1; Second Reurging & Extension 1; Third Reurging & Extension 1. Each time, Isidro reurged the previously filed recusal motion, and requested an extension of the plea deadline. *See* First Reurging & Extension 1; Second Reurging & Extension 1; Third Reurging & Extension 1. In response to each of Isidro's three motions, Judge Moses issued a

new scheduling order.  *See* October Order; December Order; January Order.  In all three orders,

Judge Moses extended the plea deadline and the trial date, and stated the following:

> [This is a] reasonable period of necessary delay to allow counsel
> time for preparation for trial.  The Court further finds that the
> interest of justice served by taking this action outweighs the best
> interest of the public and the defendant in a speedy trial, and
> further finds that such period shall be excluded from the time
> which the defendant must be brought to trial under the Speedy
> Trial Act pursuant to Title 18, United States Code, Section
> 3161(h)(8).[4]

*See* October Order 1-2; December Order 1-2; January Order 1-2.

These findings exclude the periods of October 19, 2010, through December 2, 2010;

December 5, 2010 through January 19, 2011; and January 22, 2011, through June 21, 2011;

under 18 U.S.C. § 3161(h)(7).  In each order, Judge Moses specifically stated that the delay was

necessary to allow counsel time to prepare.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (listing one factor

warranting an exclusion as "the reasonable time necessary for effective preparation"); October

Order 1; December Order 1; January Order 1.  Moreover, Judge Moses had previously designated

this case as complex.  *See* 18 U.S.C. § 3161(h)(7)(B)(ii) (listing one factor warranting an

---

[4]     The ends of justice continuance was previously codified as § 3161(h)(8).  *See*
*United States v. Burrell*, 634 F.3d 284, 288 n.2 (5th Cir. 2011) (per curiam).  In
October 2008, Congress amended the Speedy Trial Act, and the ends of justice
continuance was moved to § 3161(h)(7).  *Id.*  The current § 3161(h)(8) excludes
delays caused by obtaining evidence in a foreign country.  18 U.S.C. §
3161(h)(8)

In her scheduling orders, Judge Moses cites § 3161(h)(8).  *See* October Order
1-2; December Order 1-2; January Order 1-2.  The Court finds that Judge Moses
meant to refer to § 3161(h)(7) and not § 3161(h)(8) for two reasons.  First, the
current § 3161(h)(8) is inapplicable to this case because there is no suggestion
there was evidence in a foreign country that delayed this case.  Second, and more
importantly, Judge Moses used the "justice" language that is currently codified
in § 3161(h)(7).  *See* October Order 1-2; December Order 1-2; January Order
1-2.

exclusion as "[w]hether the case is . . . complex"); Order 1, July 19, 2005, ECF No. 131; Order 1, July 19, 2005, ECF No. 132.  And finally, Judge Moses specifically stated in the written record that the "interest of justice served by taking this action outweighs the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7) (requiring a finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."); October Order 1; December Order 1; January Order 1.

Defendants argue that these periods of time are not excludable because defense counsel only sought an extension of the plea deadline and not an extension of the trial date.  Mot. 11.  This argument lacks merit.  Although it is true that Isidro's Motion requests only an extension of the plea deadline, extending a plea deadline generally leads to an extension of the trial date.  This is so because one of the purposes of plea agreements is to avoid the expense and ordeal of preparing for trial.  *See United States v. Williamson*, 598 F.3d 227, 231 (5th Cir. 2010) (noting that the purpose of plea agreements is to avoid the cost of preparing for a trial).  If plea negotiations fail, the court must allow sufficient time between the plea deadline and trial to allow the government and the defendants to prepare for trial.

Moreover, neither of the Defendants objected to these extensions at the time.  If Defendants were focused on only extending the plea deadline, and not the trial deadline, it begs the questions why they did not object, and why they continued to ask for extensions.  After all, these were Defendant's motions, not the government's.  These actions strongly suggest Defendants understood that the reurging of the motion for recusal and the requests for extensions of the plea deadline would lead to a continuance of the trial date.

Finally, Defendants' argument lacks merit because they make a faulty assumption: that because counsel for Defendant only motioned for a plea extension, Judge Moses could not exclude the time under § 3161(h)(7).  *See* Reply 4.  But § 3161(h)(7) states that the Judge can grant a continuance "on [the judge's] *own motion* or at the request of the defendant."  18 U.S.C. § 3161(h)(7)(A) (emphasis added).   Therefore, even if the Defendants only sought an extension of the plea deadline, Judge Moses had the authority under § 3161(h)(7) to extend the trial date without violating the Speedy Trial Act.

Defendants also argue that they only sought a one-day extension of the plea deadline because they believed Judge Moses would rule on the recusal motion during docket call — exactly one day after the plea deadline.  Def.'s Reply 1, ECF No. 916.  This argument is wholly unsupported.  First, none of Isidro's motions ask for only a one day extension.  *See* First Reurging & Extension 1; Second Reurging & Extension 1; Third Reurging & Extension 1. Second, there is no indication as to why Defendants believed Judge Moses would rule on the recusal motion at docket call.  And third, if Defendants were only seeking a one day extension, it again begs the questions why they did not object when Judge Moses granted a longer extension, and why they continued to seek extensions.

In conclusion, the Court holds that the periods from October 19, 2010, through December 2, 2010; December 5, 2010, through January 19, 2011; and January 22, 2011, through June 21, 2011; are all excludable under 18 U.S.C. § 3161(h)(7).

**4.     September 20, 2011, through April 6, 2012**

The government finally argues that 18 U.S.C. § 3161(h)(7) also excludes the period from September 20, 2011, through April 6, 2012.  Resp. Addendum 5.  The Court agrees.

As stated above, 18 U.S.C. § 3161(h)(7) excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  To exercise this "ends of justice continuance," the court must set "forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The Supreme Court has explained that although "the [Speedy Trial] Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance . . . , the Act is ambiguous on precisely when those findings must be 'se[t] forth, in the record of the case.'"  *Zedner*, 547 U.S. at 506-07.  The Fifth Circuit has accordingly held that findings made "in the judge's mind" and then later "made part of the record" satisfies § 3161(h)(7).  *United States v. McNealy*, 625 F.3d 858, 863 (2010).

Here, the Court made findings both in the record and in the Judge's mind.  On August 26, 2011, the Court held a lengthy status conference.  In that conference, the Court explained that it was concerned about the prolonged delay in this case and wished to adhere to the September 20, 2011, trial date set by Judge Moses.  Status Conference Tr. 3:4-16.  However, counsel for Defendant Timoteo Garza motioned orally and in writing for an eight month continuance because he was newly appointed counsel.  *Id.* at 6:11-18, 7:23-24; Def. Timoteo Garza's Mot. for

Continuance 2, ECF No. 875.  Counsel explained that the case was "extraordinarily complex" —

the record of the first trial exceeds 1,200 pages and the government introduced over 400 exhibits.

Status Conference Tr. at 6:20-23, 7:7-16.   The government also noted that Judge Moses had

already declared the case complex, and the case is administratively problematic because the case

predates electronic filing.  *See id.* at 3:25-4:6; 5:10-13.

Given those circumstances, the Court asked counsel for Martha and Isidro about their

"positions on a continuance."  *Id.* at 11:12.  Counsel for Defendant Martha Garza stated he

agreed "with the continuance."  *Id.* at 11:13-22.  And although counsel for Defendant Isidro

Garza stated that he was "not prepared today to address the speedy trial issue," he said "I don't

see how I can oppose, though, the continuance request by new counsel."  *Id.* at 11:24-12:8.

Based on the written motion and the oral representations of the parties, the Court

reluctantly granted a continuance.  *See id.* at 3:4-16; 10:11-12:12; 17:4-8.  At the time, the Court

had determined that ends of justice served by taking such action outweigh the best interest of the

public and Defendants in a speedy trial.  Counsel for Defendant Timoteo Garza needed time to

prepare for this complex case to ensure adequate representation.  Likewise, the other two

Defendants and the government suggested the "ends of justice" required a continuance.  Finally,

Judge Moses had already declared the case complex.  Order 1, July 19, 2005, ECF No. 131;

Order 1, July 19, 2005, ECF No. 132.  Accordingly, the Court set trial for April 6, 2012.  Status

Conference Tr. at 17:4-8; Scheduling Order, ECF No. 883.

Because the Court made an ends of justice finding at the time of hearing, and now here in the written record, the Court holds that the period from September 20, 2011, to the trial date on April 6, 2012, is excluded under 18 U.S.C. § 3161(h)(7).

### 5.     No violation of Speedy Trial Act

As explained above, each of the periods above are properly excluded under the Speedy Trial Act.  When a period of time is excluded under the Speedy Trial Act, both the date of the triggering event and the ending date are excluded.  *See Johnson*, 29 F.3d at 943 n.4.

In this case, the first day counted under the Speedy Trial Act clock was February 24, 2010, the day after the Fifth Circuit issued the mandate.  The clock stopped on March 4, 2010, but resumed the next day.  The clock then stopped on April 14, 2010, and has not restarted since. Accordingly, only forty-eight days have elapsed pursuant to the Speedy Trial Act.  Therefore, Defendants have not met their burden of proof, and dismissal is not warranted pursuant to the Speedy Trial Act.

Finally, given the complexity of this case as discussed above, the Court finds that an extension of the period pursuant to the Speedy Trial Act is warranted.  As provided for in the statute, the Court hereby extends the period for retrial to 180 days.  *See* 18 U.S.C. § 3161(e).

### B.     The Sixth Amendment

In addition to their arguments based on the Speedy Trial Act, Defendants argue that dismissal is appropriate under the Sixth Amendment to the United States Constitution.  Mot. 4-6. The government responds that Defendants cannot satisfy the balancing test that determines whether there has been a violation of the constitutional right to a speedy trial.  *See* Resp. 2-5.

The Sixth Amendment guarantees "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The right attaches when the federal government officially accuses the defendant, either by arrest or indictment. *See United States v. MacDonald*, 456 U.S. 1, 6 (1982). Unlike the Speedy Trial Act, the constitutional right to a speedy trial cannot be "quantified into a specified number of days or months." *See Barker*, 407 U.S. at 523, 530. Therefore, courts employ a functional approach to determine whether a defendant's right to a speedy trial has been violated. *Id.*

Courts first conduct a threshold inquiry into whether the delay between arrest and trial was sufficiently lengthy to warrant a full analysis. *Doggett v. United States*, 505 U.S. 647, 651 (1992); *United States v. Frye*, 372 F.3d 729, 736-37 (5th Cir. 2004). This is a threshold inquiry because a defendant "by definition, . . . cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett*, 505 U.S. at 652. If the defendant is retried after an appeal, the court examines the entire period of time from the original arrest through the retrial. *See United States v. Neal*, 27 F.3d 1035, 1041-43 (5th Cir. 1994) (measuring the relevant time period from the indictment through the conclusion of the second trial). In general, a delay of at least one year will trigger a full analysis. *Frye*, 372 F.3d at 737; *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000).

In this case, the government arrested Isidro on December 6, 2004, and indicted all Defendants on December 9, 2004. Indictment, ECF No. 8. Thus, the case has been pending for over seven years, and a full analysis is warranted.

Given that the delay was sufficiently lengthy to overcome the threshold inquiry, the Court applies the *Barker* four-factor test and considers (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant.  407 U.S. at 530.  According to the Fifth Circuit, courts "evaluate[] the first three factors (delay-length; reason for it; diligence in asserting right) in order to determine whether prejudice will be presumed or whether actual prejudice must be shown." *Frye*, 372 F.3d at 736.  "Prejudice may be presumed where the first three factors weigh 'heavily' in the defendant's favor." *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006) (citing *United States v. Serna-Villarreal*, 352 F.3d 225, 231 (5th Cir. 2003)).  "In all of this, courts do not engage in a rigid analysis, but engage in the 'functional analysis of the right in the particular context of the case.'" *Frye*, 372 F.3d at 736 (quoting *Barker*, 407 U.S. at 522).

In this case, the first factor — the length of the delay — cuts strongly in favor of Defendants.  The delay has exceeded seven years, and the Fifth Circuit has noted that a delay of over five years weighs heavily in favor of the defendant. *See United States v. Bergfeld*, 280 F.3d 486, 489 (5th Cir. 2002).

In contrast, the second factor — the reason for the delay — cuts against Defendants.  The second factor largely focuses on the conduct of the government.  If the government "acts in bad faith, intentionally holding up prosecution for the purpose of prejudicing the defendant," this factor will strongly cut in favor of the defendant. *Hernandez*, 457 F.3d at 421 (5th Cir. 2006) (citing *Doggett*, 505 U.S. at 656).  In contrast, official negligence weighs less heavily against the government, although "the weight assigned to [negligent delay] increases as the length of the

delay increases.'" *Id.* (quoting *Serna-Villareal*, 352 F.3d at 232).  On the other end of the

spectrum, if the government pursues the defendant with "reasonable diligence from his

indictment to his arrest, his speedy trial claim [will] fail."  *See Doggett*, 505 U.S. at 656.

In this case, Defendants do not allege the government acted in bad faith or negligently,

and the record reveals the opposite.  The main causes of delay in this case have been the multiple

withdrawals of counsel for Defendants, Defendants' initial plea of guilty and then their later

rejection of the pleas, the multiple venue transfers, the lengthy appeal to the Fifth Circuit, and

finally the repetitive motions requesting that Judge Moses recuse herself.   In sum, there is no

suggestion the government has intentionally acted in bad faith or even negligently delayed this

case.  In fact, the record suggests the government has diligently pursued this case.  Thus the

second factor heavily cuts against Defendants.  *Doggett*, 505 U.S. at 656.

The third factor — the defendant's assertion of the right — also cuts against Defendants.

The Supreme Court "emphasize[d] that failure to assert the right will make it difficult for a

defendant to prove that he was denied a speedy trial."  *Barker*, 407 U.S. at 532.  There is no

suggestion in the record, nor do Defendants contend, that they have previously raised their right

to a speedy trial.

Because the second and third factors weigh against Defendants, the Court finds that the

first three factors do not weigh heavily in Defendants' favor.  *See Frye*, 372 F.3d at 737.

Therefore, the Court will not presume prejudice, and Defendants must show actual prejudice.

*See id.*  In assessing prejudice, the Supreme Court in *Barker* explained:

> Prejudice, of course, should be assessed in the light of the interests of defendants
> which the speedy trial right was designed to protect.  This Court has identified
> three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to
> minimize anxiety and concern of the accused; and (iii) to limit the possibility that
> the defense will be impaired.  Of these, the most serious is the last, because the

21

inability of a defendant adequately to prepare his case skews the fairness of the
entire system.
*Barker*, 407 U.S. at 532.

In this case, Defendants have not shown actual prejudice.  First, Defendants argue that the

"lengthy delay obviously created anxiety and concern."  Mot. 6.  However, under Fifth Circuit

law, anxiety and concern alone are not enough to establish actual prejudice and warrant

dismissal.  *See United States v. Bieganowski*, 313 F.3d 264, 285 (5th Cir. 2002) (holding that

claims of "psychological and economic strain" are insufficient to establish necessary prejudice);

*Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994) ("Anxiety about one's reputation and private

life during pretrial delay, however, will not alone suffice to warrant a reversal of a conviction").

Second, Defendants have no evidence of actual impairment of their defense.  Rather,

Defendants only argue that the "lengthy delay certainly created the *possibility* that Defendants'

defense will be impaired by dimming memories and loss of exculpatory evidence."  Mot. 6.

(emphasis added).  Given that Defendants must show actual prejudice, the mere possibility of

impairment is insufficient.  *See Harris*, 566 F.3d at 433 (holding that the defendant's claim that

"he lost his opportunity to present his mother as a witness at his trial, because she died" was

insufficient to show actual prejudice when the court had "no indication as to the content and

relevance of the lost testimony").

In conclusion, the Court holds that Defendants' Sixth Amendment rights to a speedy trial

were not violated.  The Court recognizes there has been an excessively long delay in this case —

over seven years.  This is not speedy by anyone's account.  However, the government did not

cause the delay, Defendants have not previously raised their speedy trial rights, and Defendants

have not shown sufficient prejudice to warrant dismissal under the existing law.

### C.        Rule 48(b)

 Defendants final argument is that dismissal is appropriate under Federal Rule of

Criminal Procedure 48(b).  Mot. 9.  According to Rule 48(b), a court may dismiss an indictment

if unnecessary delay occurs in bringing a defendant to trial.  Fed. R. Crim. P. 48(b)(3).  The rule

"embraces the inherent power of the court to dismiss for want of prosecution." *United States v.*

*Novelli*, 544 F.2d 800, 803 (5th Cir. 1977).  Dismissal pursuant to Rule 48(b) is mandatory only

when "the constitutional speedy trial right has been flouted." *United States v. Hill*, 622 F.2d 900,

908 (5th Cir. 1980).  Otherwise, the Court "has extremely broad discretion regarding whether to

dismiss under Rule 48(b)." *United States v. Garcia*, 995 F.2d 556, 561 n.8 (5th Cir. 1993);

*United States v. Zamora*, No. EP-07-CR-02119-KC, 2009 WL 2604175, at *4 (W.D. Tex. Aug.

21, 2009).

There has been a lengthy delay in this case.   However, the Government's conduct here

does not reflect a want of prosecution.  Rather, as stated above, the main causes of the delay were

the multiple withdrawals of counsel for Defendants, the initial plea of guilty by Defendants and

then their rejection of the pleas, the multiple venue transfers, the lengthy appeal to the Fifth

Circuit, and finally the repetitive motions requesting Judge Moses recuse herself.  Therefore, the

Court holds that dismissal under Rule 48(b) is not appropriate.

### III.     CONCLUSION

For the reasons stated above, the Motions to Dismiss, ECF Nos. 895 and 896, are

**DENIED**.

**IT IS FURTHER ORDERED** that period for retrial under the Speedy Trial Act is extended to 180 days pursuant to 18 U.S.C. § 3161(e).

Additionally, to the extent that the Government's Motion for Enlargement of Time Under the Speedy Trial Act, ECF No. 795; the First Reurging & Extension Request, ECF No. 844; Second Reurging & Extension Request, ECF No. 846; Defendant's Motion Requesting Ruling on Recusal Motion, ECF No. 847; and Defendant's Fourth Motion to Reurge All Previous Motions and to Extend Ellis Deadline, ECF No. 864; are still pending, the Court hereby **DENIES** them as moot.

Finally, this Order also resolves the issues presented in two recent motions filed by the government: Government's Motion for *Nunc Pro Tunc* Finding Regarding Ends of Justice Relating to Continuance, ECF No. 903; and Government's Motion for *Nunc Pro Tunc* Ruling Regarding Extension of Period for Retrial to 180 Days, ECF No. 904.  Accordingly, these Motions are **DENIED** as moot.

SO ORDERED.

**SIGNED** on this 24th day of January, 2012.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE